THE MINNEAPOLIS THRESHING MACHINE COMPANY, a
   Corporation, Respondent, v. G. A. WARNER and C. S. Moores,
   Appellants.

(203 N. W. 197.)

**Attachment — damages for breach of forthcoming bond is value of property
   belonging to defendant which had been seized or was subject to seizure.**
   The true measure of damages for a breach of the conditions of a forthcoming
   bond, given under § 7542 of the Compiled Laws of 1913 and conditioned for the
   forthcoming of property of the defendant which has been or is about to be
   seized, is the value of the property belonging to the defendant which had been
   seized or was subject to seizure under the warrant.

Opinion filed March 21, 1925.

Attachment, 6 C. J. § 679 p. 327 n. 12; § 779 p. 360 n. 67.

Appeal from the District Court of Steele County, *Cole, J.*
Modified and affirmed.
*C. S. Shippy* and *P. B. Garberg,* for appellants.

The court will take judicial notice of the customary method of con-
ducting grain elevators and warehouses, and of the fact, that the ware-
house man is at liberty to mingle the grain of a customer with other
grain or with his own. 40 Cyc. 406.

This court will also take judicial notice of the practice prevailing
throughout the state for the warehousemen to mingle all grains pur-
chased by it. State ex rel. Ertelt v. Daniels, 35 N. D. 10.

Where the purchaser of a crop mortgaged to a bank, mingled it with
their own corn, the bank, could not assert its mortgage lien against
the specific property, and was left to a right of action for damages for
conversion. Sloans State Bank v. Stoddard, 159 N. W. 636.

The warrant in a case of this character should describe the property
to be seized very particularly, and definitely. Weil v. Quam, 21 N.
D. 344, 131 N. W. 244.

An insufficient description in the warrant cannot be supplied or
supplemented by the allegations contained in the complaint, even
though the requisite facts, which the warrant should, but does not con-

tain are set forth in the complaint. Fisk v. French, 114 Cal. 400, 46 Pac. 162.

A bond conditioned for the return of property, in case judgment is rendered for plaintiff, subjects the obligors to liability for the amount of the judgment with costs up to the penalty of the bond or the value of the property if that is less than the amount of the judgment. 6 C. J. 359, § 779.

The limit of the liability of defendant is the value of the property attached, less any amount realized by the sheriff from sales or portions thereof, or if such value exceeds the value of the judgment, then the liability will be the amount of the judgment. Jones v. Short, 101 Pac. 210.

*Lawrence, Murphy & Nilles,* for respondent.

When a replevin or forthcoming bond is executed, reciting a levy on specified property, and binding the bondsmen to have it forthcoming on the day of the sale, proof will not be received that there was no such property. It is no defense in such case that the levy was fictitious. Mead v. Figh, 4 Ala. 279; Cawthorn v. McGraw, 6 Ala. 519; Meredith v. Richardson, 10 Ala. 836; Rhodes v. Smith, 66 Ala. 174; Cooper v. Peck, 22 Ala. 406; Roswold v. Hobbie, 85 Ala. 73, 4 So. 177; Bolling v. Vandiver, 8 So. 292.

The obligors in a delivery bond given to retain goods levied upon under the execution were estopped from denying the levy, which was set forth in the bond. Hundley v. Filbert, 73 Mo. 84.

The sureties on a forthcoming bond will not be relieved in equity on the ground that the defendant in execution was not the owner of the property levied on. Syme v. Montague, 4 Hen. & M. 180.

Where property of the execution defendant has been levied upon at the instance of the defendant, by the officer having the execution, and a bond had been given for the forthcoming and delivery of said property on the day of sale, and such bond was forfeited, such defendant will be estopped from the defense that such property was not subject to levy. Weston v. Ralston, 51 W. Va. 157, 41 S. E. 338.

The bond stands as collateral security, and is similar in most respects to an appeal bond. Brayton v. Freese, 1 Ind. 121.

Defendant in attachment is entitled to give a redelivery bond wheth-

52 N. D.—28.

er the property is found in his or a third person's possession. Currey v. Trinity Zinc Co. 157 Mo. App. 423, 139 S. W. 212.

The fact that the property was not in the name of the attachment defendant at the time the bond was executed did not render the bond without consideration, the dissolution of the attachment alone being a sufficient consideration. Maryland Fidelity, & D. Co. v. Bowen, 123 Iowa, 356, 6 L.R.A.(N.S.) 1021, 98 N. W. 897.

In an action on a bond of this kind, the obligors cannot question the validity of the officer's levy of attachment, nor show that the property was not attachable. Scanlon v. O'Brien, 21 Minn. 343; Drake, Attachm. § 339.

Where the statute permits defendant or another person in whose possession the property is found and attached to give a forthcoming bond, a bond is sufficient, although it does not show that the property was found in the possession of the obligor. Howshaw v. Gullett, 53 Mo. 208.

Relief from a forthcoming bond cannot be obtained on the ground that the levy therein recited is fictitious. Mead v. Figh, 4 Ala. 279, 37 Am. Dec. 742.

That no levy was made. Smith v. Fargo, 57 Cal. 157; Birdall v. Wheeler, 58 Conn. 429, 20 Atl. 607; Crisman v. Matthews, 2 Ill. 148, 26 Am. Dec. 417; Frost v. White, 14 La. Ann. 136; Price v. Kennedy, 16 La. Ann. 78.

That the property supposed to be levied upon was fictitious. Mead v. Figh, 4 Ala. 279, 37 Am. Dec. 742.

In cases where the specific ground of attachment is not clear, it was held that obligors on such bonds could not, in actions on the bonds, attack the regularity of the attachment proceedings after judgment in the attachment suit. McClosky v. Wingfield, 32 La. Ann. 38; Kirkland v. Boyle, 7 La. Ann. 369; Goodmen v. Allen, 11 La. Ann. 246.

And sureties cannot deny that an order for the release of the goods was made, where they were in fact released, and the redelivery bond recites that it was given pursuant to an order of the court requiring the release. Rosenthal v. Perkins, 123 Cal. 240, 55 Pac. 804.

The obligors on a bond executed in consideration of a release of the attached property cannot defend an action on the bond on the ground that, after the court ordered the attachment discharged and the prop-

erty released, the sheriff refused to deliver the property. Gardner v. Donnelly, 86 Cal. 367, 24 Pac. 1072.

Obligors on a bond given to release attached goods, and stating that the attachment was commenced in due form of law, cannot defend an action on the bond by showing that the affidavit of attachment was defective, where the affidavit in attachment failed to raise the point before judgment was entered. Goebel v. Stevenson, 35 Mich. 172.

The plaintiff may maintain an action on the bond and the sheriff is not a necessary party. 29 Cal. 194; 1 Mont. 584.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff against the defendants as sureties upon a certain bond. The action was tried in the district court of Steele county before the court, a jury trial having been waived.

In 1920 one Waters farmed certain land in Steele county, and that fall he entered into a contract with the one Northrop, whereby the latter agreed to thresh his grain for a stipulated consideration per hour. After the threshing was done, Northrop perfected and filed his lien for the amount claimed to be owing to him. Thereafter an action was begun in the district court of Steele county to foreclose the lien, which action resulted in a judgment in favor of the plaintiff for $1363.45. At the commencement of that action a warrant of seizure was issued commanding the sheriff to seize "the following described personal property belonging to the defendant, Thomas Walters, situated in the county of Steele and state of North Dakota, to-wit: 1145 bushels of wheat; 789 bushels of barley; 2625 bushels of oats; and 1175 bushels of rye." Pursuant to the warrant, the sheriff went to the farm occupied by Walters and levied on about 2000 bushels of oats and about 175 bushels of barley which he found there at the time. The next day an attorney telephoned to the sheriff that they, presumably meaning the defendant Walters, were going to put up a bond, and within about three days a bond was delivered to the sheriff and favorably passed upon by the attorney for the plaintiff in that action, whereupon the sheriff took no further steps under the warrant of seizure. The plaintiff in the foreclosure suit assigned his judgment to the Minneapolis Threshing Machine Company, which company brings this action to recover of the sureties upon the bond given

to the sheriff in the circumstances stated above. It is conceded by the defendant sureties that they are liable for the value of the grain actually levied upon by the sheriff prior to the giving of the bond, but it is contended that the grain so levied upon constituted all of the grain owned by the defendant in the foreclosure action at the time the warrant was issued and that, consequently, the sheriff could not have levied upon any additional grain pursuant to the command of the warrant. For this reason it is claimed that the liability of the defendants must be restricted to the value of the grain actually levied upon. The trial court, however, held that the defendants were liable to respond in the full amount of the judgment in the foreclosure action and entered judgment accordingly.

The bond is as follows:

"A Warrant to seize personal property having been issued in the above entitled action to the sheriff of the county of Steele in the state of North Dakota, and said Sheriff having seized, or being about to seize, certain personal property of the Defendant,

"We, Thomas Walters, as principal and G. A. Warner and C. S. Moores as sureties do hereby undertake, in the sum of Fifteen Hundred Dollars ($1500.00), that the property of said Defendant, which has been, or is about to be seized shall be forthcoming in substantially as good condition as it is at the date of this undertaking, to answer any judgment which Plaintiff may obtain against Defendant in said action, not exceeding the above mentioned sum."

This bond was given before the appearance of the defendant in the action and must, therefore, be regarded as one which this court has previously designated as a "substitute bond" under § 7542 of the Compiled Laws of 1913 rather than a "discharge bond" under § 7556 of the Compiled Laws of 1913. See Fox v. Mackenzie, 1 N. D. 298, 47 N. W. 386. These statutes are made applicable to proceedings for the foreclosure of liens on personal property. Comp. Laws, 1913, § 8142.

Section 7542, after stating the requisites of a warrant of attachment and providing for the duties of the sheriff thereunder regarding levy, contains the following qualifying clause: "unless the defendant delivers to him an undertaking in favor of the plaintiff with sufficient surety to the effect that he will pay any judgment which the plain-

tiff may obtain against him in the action, or an undertaking with like surety to the effect that the property of such defendant, which has been or is about to be attached, shall be forthcoming in substantially as good condition as it is at the time of giving the undertaking to answer such judgment, which undertaking shall be in an amount equal to the value of such property according to the sheriff's inventory." Section 7546 provides for the making of an inventory by the sheriff before a levy has been made where a forthcoming bond is given under the provisions of the above section.

It does not appear in this action whether or not such an inventory was made. It seems, however, that the bond was taken as a substitute for the seizure directed by the warrant, and it seems furthermore that the statute contemplates that the bond in either event, that is, in the event that it is conditioned for the payment of the judgment or for the forthcoming of the property attached or about to be attached, is to be regarded as a substitute for the attachment or seizure. The sole question, then, is whether or not the liability on a "substitute bond," where given for the value of the property seized or about to be seized, may be properly measured by the value of the property upon which the levy might have been made, where that is less than the amount of the judgment in the foreclosure action. The argument that the recovery may not be so limited proceeds upon the promise that the bond has the effect of staying further proceedings under the warrant, that this is a benefit to the defendant and that, consequently, he is precluded from saying that it was not possible, in executing the warrant, to levy upon or seize the full amount of property described therein. This argument is met by the appellant by the contention that, since the warrant could not be executed by the seizure of all of the property described therein—because of the fact that a large part of the property had been sold and was consequently no longer owned by the defendant—the plaintiff was not damaged through the breach of the bond to any greater extent than the value of the property which was seized or which might have been levied upon in the execution of the warrant. We are not aware of any construction of this or a similar statute that is substantially helpful in the determination of the question presented. The question seems to be sui generis. The warrant here is in the form prescribed by § 8139 of the statute and commands

the sheriff to seize the personal property described "belonging to the defendant." Walters was the sole defendant in the foreclosure action and consequently the warrant did not authorize the seizure of any property not belonging to him. In construing this warrant and the authority of the sheriff thereunder, we can not ignore that part of the description which refers to the property as belonging to the defendant any more than we can ignore that part which describes the kind of grain or the number of bushels. Since, therefore, the sheriff might not have seized under the warrant any property save that owned by the defendant and covered by the lien, we are of the opinion that it was competent to show that at the time the warrant was issued there was not in existence property subject to seizure thereunder in excess of a given amount, less than the whole number of bushels upon which there was a valid lien. This was the true measure of the damages sustained by the plaintiff through staying the hand of the sheriff in executing the warrant of seizure. It is conceivable that all of the property owned by a defendant and which could by any possibility be subjected to seizure, would be of less value than the amount of his liability in the action in which its seizure is authorized, and where such is the case it seems that the statute is intended to obviate the seizure by permitting a bond covering the value of the property.

Under the evidence in this case it appears that all of the grain, save that which was levied upon prior to the giving of the bond, had been previously sold and delivered to an elevator at Blabon and that Walters and Warner one of the sureties and a defendant in the present action, had received the proceeds.

The respondent further contends that, as the defendant Warner had received a portion of the proceeds of the grain thus wrongfully disposed of as to the lien holder, he, at least, is precluded from asserting and relying upon the true measure of damages in this action upon the forthcoming bond. We see no merit in this contention. This action being in contract, he is liable according to the terms of his contract and his obligation is not enlarged by the fact, if it be a fact, that he has participated in a conversion of the grain. For the foregoing reasons, the judgment appealed from must be modified by being reduced to the extent of the value of the grain belonging to the defendant at the time the levy was made, which, under the evidence in this case,

is 2000 bushels of oats and 175 bushels of barley, the appellant to recover costs on the appeal.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.